**Ricardo BERMUDEZ, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 05–4508–ag.

United States Court of Appeals, Second Circuit.

Oct. 10, 2006.

144

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Angela D. Givens, Assistant United States Attorney (Dunn Lampton, United States Attorney, Linda R. Anderson, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of Mississippi, Jackson, MS, for Respondent.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; *see also* 8 C.F.R. § 1208.16(c) (regulations implementing the CAT).

Present: WILFRED FEINBERG, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Ricardo Bermudez, a native and citizen of Cuba, seeks review of an order of the BIA affirming without opinion an order of Immigration Judge ("IJ") Michael Rocco denying petitioner's application for asylum, withholding of removal pursuant to the Immigration and Nationality Act of 1952 ("INA"), and relief under the Convention Against Torture ("CAT"),[1] and ordering him removed to Cuba as an inadmissible alien. *In re Bermudez*, No. A 79 142 074 (B.I.A. July 21, 2005), *aff'g* No. A 79 142 074 (Immig. Ct. Buffalo Mar. 4, 2004).

We assume the parties' familiarity with the underlying facts and procedural history.

Bermudez arrived in the United States in 1980 as part of the Mariel boatlift; he had been imprisoned in Cuba for car theft before leaving that country. *See generally In re Barrera*, 19 I. & N. Dec. 837, 1989 WL 247505 (B.I.A.1989) (describing the boatlift); *Palma v. Verdeyen*, 676 F.2d 100, 101 & n. 1 (4th Cir.1982) (describing process by which most of "some 125,000 Cuban aliens" were "promptly paroled [into the United States] under provisions" of the INA). Bermudez was paroled into the United States. In 1990, he was convicted in New York State of criminal sale of a controlled substance in the third degree and sentenced to one-to-three years of imprisonment.[2]

2. Pursuant to New York Penal Law § 220.39(1), "[a] person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells ... a narcotic drug."

Served with a Notice to Appear that charged him with being an inadmissible alien, Bermudez admitted that he was inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II) because he had been convicted of violating a law related to a controlled substance, but he denied being inadmissible pursuant to *id.* § 1182(a)(2)(C), which bars admission of "trafficker[s] in any controlled substance." He applied for withholding of removal on the ground that if he returned to Cuba, authorities there would punish him on account of his political opinion.[3]

The IJ found that Bermudez was ineligible for either asylum or withholding of removal under the INA on account of his drug conviction. In addition, the IJ found that even if eligible for withholding of removal under the INA, Bermudez would not qualify for that relief because he had not adequately supported his claim that he would suffer persecution on account of political opinion if returned to Cuba. The IJ also found that Bermudez had not met his burden in demonstrating eligibility for relief under the CAT.

Assuming *arguendo* that Bermudez was not barred by statute from receiving withholding under the INA, we must deny his petition nonetheless because substantial evidence supports the IJ's finding that Bermudez did not demonstrate that he would likely face persecution if returned to Cuba.[4] *See* 8 U.S.C. § 1252(b)(4)(B) (providing that on appellate review of removal orders, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *see also Tu Lin v. Gonzales,* 446 F.3d 395, 398 (2d Cir.2006) ("We review the IJ's factual findings under the substantial evidence standard, which is met 'unless any reasonable adjudicator would be compelled to conclude to the contrary.' " (quoting 8 U.S.C. § 1252(b)(4)(B))). Bermudez stated in his asylum application that neither he nor his family has suffered any "harm or mistreatment or threats" in the past, and he testified before the IJ that he would not suffer persecution if returned to Cuba.[5] The same evidence supports the IJ's finding with regard to Bermudez's application for CAT relief.

We note as well that the BIA has previously held that Mariel boatlift participants do not have *prima facie* "well-founded fears of persecution if returned to Cuba." *See Barrera,* 19 I. & N. Dec. at 846. Moreover, although certain veterans of the Mariel boatlift suffered punishment in Cuba for crimes committed in the United States, the BIA concluded that such punishment did not constitute persecution on

---

**3.** Specifically, he wrote in his application, "I believe that Fidel Castro will have me arrested and imprisoned if returned to Cuba. I left Cuba under then Presidenet [sic] Jimmy Carter's invitation to all Cubans to enter the United States. I believe Castro will make me pay for embarrassing him politically."

Having admitted his criminal conviction, Bermudez agreed with the government that he was barred from receiving asylum. He subsequently pressed only his claims for withholding of removal pursuant to the INA and the CAT.

**4.** Although the Government contends that we do not have jurisdiction to entertain Bermudez's petition for review under 8 U.S.C.

§ 1252(a)(2)(C), we may "assume hypothetical jurisdiction" in deciding a case, so long as that jurisdiction is statutory and not constitutional. *Cf. United States v. Canova,* 412 F.3d 331, 348 (2d Cir.2005) (assuming hypothetical jurisdictional in the context of criminal sentencing).

**5.** The IJ and Bermudez engaged in the following colloquy:

The IJ: "If this Court found you removable as charged would you suffer any persecution in the country that you were removed to?"
Bermudez: "No."
The IJ: "Specifically Cuba?"
Bermudez: "No."

account of their political opinion or membership in a particular social group. *Id.* at 846–50. Nothing in the record suggests to us that Bermudez's situation is distinguishable from that in *Barrera.*

We have considered all of Bermudez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is **DENIED.**

Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot.